# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
CHRISTINE MIDNIGHT,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 17-905V
Special Master Christian J. Moran

Filed: November 23, 2021

<u>Mark T. Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner;
<u>Claudia B. Gangi</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Christine Midnight sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34 (2012). Ms. Midnight, however, appears not to be interested in continuing the litigation as she has not substantively responded to orders. Because Ms. Midnight has not prosecuted her case, her case is DISMISSED.

### I.    Procedural History

    Represented by attorney Mark Sadaka, Ms. Midnight alleged that the MMR, Tdap, and varicella vaccines she received on July 9, 2014 and a second set of MMR and varicella vaccines she received on August 15, 2014 caused her to develop encephalitis, speech-regression, blurred vision, and reduced cognitive

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

ability.  See Pet., filed July 5, 2017, at Preamble; ¶¶ 2, 13.  Ms. Midnight alleged that after her second set of vaccinations, she developed headaches, fevers, and pain in her arms and legs.  Id. ¶ 3.  Ms. Midnight filed initial medical records in July 2017, August 2017, and September 2017.  She filed a statement of completion on September 27, 2017 and a damages affidavit on October 16, 2017.  Subsequently, she filed more medical records in April 2018, May 2018, June 2018, and April 2020.

Respondent recommended against compensation, questioning Ms. Midnight's encephalitis diagnosis and asserting that Ms. Midnight's headaches, speech regression, and reduced cognitive ability predated vaccination.  Resp't's Rep., filed July 26, 2018, at 11-12.  Ms. Midnight was ordered to file expert reports from a neurologist and neuroradiologist clearly identifying the injury Ms. Midnight allegedly suffered as a result of vaccination and her medical theory of causation.  See order, filed Aug. 6, 2018.

After Ms. Midnight filed several motions to extend the deadline for her expert reports, Ms. Midnight filed a status report on June 28, 2019 indicating that she was still working to obtain an expert.  Subsequently, she was ordered to file a statement indicating that she would like to continue her case.  Order, issued June 30, 2020.  Ms. Midnight informed chambers via telephone that she wished to proceed with her case on August 6, 2020; however, Ms. Midnight has yet to file a signed statement indicating her intent to continue her case.  Due to the coronavirus, after approximately one year, Ms. Midnight was again directed to explain how she intended to prosecute her case.  Order, issued Aug. 17, 2021.

In response, Mr. Sadaka stated that his office had sent the August 17, 2021 order to Ms. Midnight via regular mail, certified mail, and email.  Mr. Sadaka's staff called Ms. Midnight six times, reaching her only on September 24, 2021.  In this call, Ms. Midnight indicated that she was uncertain as to how she wanted to proceed.  Pet'r's Status Rep., filed Sept. 24, 2021.

On October 1, 2021, Ms. Midnight was ordered to show cause why her case should not be dismissed for failure to prosecute, for failure to comply with the court's orders, and/or for failure to present minimally persuasive evidence supporting her claim.  Order, issued Oct. 1, 2021.  Ms. Midnight was also directed to explain how she planned to obtain a report from an expert to support her claim that vaccinations in 2014 harmed her.

On November 1, 2021, Mr. Sadaka responded to the order to show cause requesting that the case not be dismissed at this time. Mr. Sadaka represented that his office again mailed the order to show cause to Ms. Midnight via certified mail, regular mail, and email. The United States Postal Service confirmed that Ms. Midnight received the communication on October 9, 2021. Mr. Sadaka further stated that on October 29, 2021, Ms. Midnight indicated that she did not wish to proceed in this matter. However, Mr. Sadaka requested that Ms. Midnight's case not be dismissed until counsel received written confirmation from her.

Because Ms. Midnight did not satisfy the obligations in the October 1, 2021 order to show cause but had provided some response, she was again directed to indicate her intention to maintain this action. Order, issued Nov. 3, 2021.

Mr. Sadaka responded on November 17, 2021. Mr. Sadaka again stated that his office had reached out to Ms. Midnight six times after November 4, 2021. However, he had not received any response from Ms. Midnight. Mr. Sadaka again requested that Ms. Midnight's case not be dismissed.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, Ms. Midnight was ordered several times to file a statement expressing her interest in maintaining the litigation. Mr. Sadaka has represented that he has attempted to communicate with Ms. Midnight many times, using different means of communication. Ms. Midnight's persistent silence leads to a conclusion that she is no longer interested in pursuing the case. Therefore, her case is DISMISSED. See B.K. v. Sec'y of Health & Hum. Servs., No. 17-1840V, 2020 WL 1888866 (Fed. Cl. Spec. Mstr. Feb. 12, 2020) (dismissing case pursuant to Vaccine Rule 21(b) due to petitioner's failure to respond to orders demonstrating an interest in maintaining the case); Woods v. Sec'y of Health & Hum. Servs., No. 10-377V,

2012 WL 2872290 (Fed. Cl. Spec. Mstr. June 14, 2012) (dismissing case due to petitioner's failure to prosecute).

While Ms. Midnight's case is dismissed solely for her failure to express an interest in continuing the litigation, Ms. Midnight's case has significant weaknesses.  First, there is no concrete evidence in the medical records that Ms. Midnight was diagnosed with encephalitis.  See exhibits 1-22, 24-26; Resp't's Br., filed Aug. 14, 2020, at 12-13.  Second, there is evidence that Ms. Midnight's headaches, speech regression, and reduced cognitive ability predated vaccination.  The medical records show that Ms. Midnight had a speech impediment as a child and that she has a long history of ADHD and difficulty focusing.  Exhibits 3, 4; Resp't's Br. at 13-14.  Finally, Ms. Midnight failed to produce expert reports from a neurologist and neuroradiologist explaining the injury Ms. Midnight allegedly developed due to vaccination and her medical theory of causation.  Thus, even if Ms. Midnight were to have responded to the orders requiring a statement from her, Ms. Midnight may not have received compensation based upon the current evidence.  However, Ms. Midnight's case is not being dismissed due to the weakness in her case.

**This case is dismissed for failure to prosecute.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
